Argued and submitted December 15, 2011, affirmed April 18, 2012

JOHNSON MOBILE ESTATES,
*Plaintiff-Appellant,*

*v.*

Terry OLIVER,
*Defendant-Respondent,*
*and*

Doug MILES,
*Defendant.*

Clackamas County Circuit Court
FE100026; A146453

277 P3d 598

Charles M. Greeff argued the cause and filed the brief for appellant.

Jodie Anne Phillips Polich argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

Plaintiff landlord appeals a post-judgment order in this action for forcible entry and detainer (FED), in which the trial court ruled in defendant tenant's favor. Plaintiff challenges the order on three grounds. First, it contends that the trial court improperly considered a defense that defendant had not raised. Second, plaintiff argues that the trial court erred by requiring it to establish good cause for evicting defendant. Third, plaintiff argues that the trial court improperly admitted and considered "evidence of settlement communications" in rejecting plaintiff's claim for restitution of the premises. We reject the third contention without discussion and reject plaintiff's first two arguments for the reasons set forth below. Accordingly, we affirm.

We describe the facts in a manner consistent with the trial court's ruling. In early 2010, plaintiff and defendant resolved an FED dispute through mediation. The resulting stipulated agreement and order required defendant to, among other things, remove an existing metal storage shed that was located near his manufactured home and to install a new shed in its place by July 18, 2010. The agreement specified the size, brand, and model of the shed and required that it "be painted to match the color of the manufactured home." The parties agreed that defendant would install the new shed "in a professional, good and workmanlike manner."

In late July 2010, plaintiff filed an affidavit of noncompliance, asserting that defendant had not completed installation of the new shed by July 18, as the stipulated agreement and order required. "Specifically," plaintiff averred, "the storage shed did not have a roof, and roofing for the shed was not completed." As a remedy, plaintiff sought "judgment of immediate restitution" of the premises. The court entered a judgment the same day, awarding plaintiff restitution. *See* ORS 105.146(5)(a) (when a defendant has failed to comply with the terms of a stipulated FED order, the court "shall enter a judgment of restitution" upon receiving the plaintiff's affidavit or declaration of noncompliance). Defendant requested a hearing, asserting that he had complied with the agreement and order by completing the shed on July 17.

The hearing on plaintiff's noncompliance affidavit occurred on August 5, 2010. After considering the parties' evidence and arguments, the trial court found that defendant had not finished installing the new shed by July 18. The court also ruled, however, that defendant's failure to timely complete the shed did not constitute good cause for eviction because timeliness was not "a material element of this agreement." Accordingly, the court issued an order in favor of defendant.

On appeal, plaintiff first argues that the trial court erred by basing its ruling on a defense that defendant had not raised in his challenge to the affidavit of noncompliance: that the July 18 deadline for completing the shed was not "material" and that defendant's failure to meet that deadline did not establish "good cause" for terminating his tenancy. That issue first came up during closing argument, when the trial court asked plaintiff's counsel to direct his comments to ORS 105.149(2)(b)(B), which provides that a court may, in certain circumstances, consider whether a tenant's noncompliance with a stipulated agreement and order "constitutes good cause for purposes of an applicable law or contract that requires the plaintiff to have good cause for terminating the tenancy."[1]

Plaintiff argues that the trial court could not properly consider the materiality/good-cause issue because defendant's hearing-request form identified only a single issue for hearing: whether, in fact, defendant had completed the shed by July 18.[2] Plaintiff cites ORS 105.149(2)(b) for the proposition that a trial court may consider the existence of "good

---

[1] As plaintiff notes, the trial court seems to have implicitly determined that plaintiff could establish that defendant's failure to meet the July 18 deadline constituted "good cause for terminating the tenancy," for purposes of ORS 105.149(2)(b)(B), only if the deadline was a material element of the stipulated agreement. Given our disposition of plaintiff's arguments on appeal, we need not address whether that aspect of the trial court's ruling was correct, and we express no opinion on it.

[2] Defendant submitted his request for hearing on a standard check-the-box form that instructs tenants to "check one or more" reasons why they deny that their landlords are entitled to possession of the property at issue. *See* ORS 105.148(2) (setting out form for hearing requests). Defendant checked the box indicating (1) that he denied plaintiff's assertion that he had not complied with the stipulated agreement and (2) that he "did comply with the agreement." Defendant did not check the box that would have indicated his belief that his "alleged conduct or performance [did] not meet the standard of good cause" for eviction. Nothing on

cause" only if the tenant alleges that defense in his or her hearing request.

Neither the text nor the context of ORS 105.149(2)(b) supports plaintiff's argument. ORS 105.149 provides, in part:

"(2)(a)  At the hearing [on the landlord's noncompliance affidavit], except as provided in paragraph (b) of this subsection, the court may consider only the following issues:

"(A)  Whether the defendant complied with the order.

"(B)  Whether the plaintiff complied with any requirement of the order that is a predicate to compliance by the defendant.

"* * * * *

"(b)  If ORS chapter 90 [the Residential Landlord and Tenant Act (RLTA)] applies to a dwelling unit, in addition to the issues described in paragraph (a) of this subsection, the court may consider the following issues:

"* * * * *

"(B)  Whether, for a defendant whose noncompliance concerns performance or conduct, the noncompliance constitutes good cause for purposes of an applicable law or contract that requires the plaintiff to have good cause for terminating the tenancy.

"* * * * *

"(c)  The defendant may not raise defenses or claims involving issues other than issues described in paragraphs (a) and (b) of this subsection."

Nothing in that statutory text suggests that trial courts may consider the issues outlined in ORS 105.149(2)(a) and (b) only if the tenant has identified those issues in his or her hearing request. Subsection (2)(c), on which plaintiff partly relies, imposes no such limitation. Rather, it simply limits the bases on which a tenant may challenge an affidavit

the form or in ORS 105.148 states, however, that a court is limited to considering only those issues that are associated with the boxes that the tenant checked on his or her hearing-request form.

of noncompliance. Nor do subsections (2)(a) and (2)(b) prohibit the trial court from considering any issues beyond those that the tenant identified in a hearing request. To the contrary, ORS 105.149(2) plainly provides that the trial court "may consider" any of the issues described in subsection (2)(a) and "may consider" subsection (2)(b) issues in cases, like this one, where the RLTA applies. We reject plaintiff's argument that the statute does not mean what it says.

Plaintiff also challenges the trial court's ruling, on the merits, that plaintiff could not evict defendant based on his failure to timely complete the shed because timeliness of completion was not a material element of the stipulated agreement and, therefore, defendant's failure to meet that deadline did not establish good cause for eviction. Plaintiff notes that a good-cause showing is needed only where "an applicable law or contract * * * requires the plaintiff to have good cause for terminating the tenancy." ORS 105.149(2)(b)(B). In this case, plaintiff argues, no law or contract imposed a good-cause requirement. That argument is not preserved for appeal. At trial, plaintiff did not argue that *it was not required to establish* "good cause" because no law or contract required such a showing. Rather, plaintiff argued to the trial court that *it had established* good cause for eviction. Those two arguments differ fundamentally, and plaintiff's presentation of the latter argument to the trial court did not preserve the former argument for our review.

Affirmed.